THOMAS DAILEY, Respondent, v. JOHN CROWLEY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

In an action for unlawfully taking and carrying away the plaintiff's goods, it appeared that the defendant, having induced the plaintiff's wife to leave him, had aided her in carrying away clandestinely certain articles of property belonging to the plaintiff; that the wife afterward brought the property to the vicinity of the plaintiff's residence, and delivered to him railroad checks for it, which the plaintiff, with knowledge of the identity of the property, upon request of a station agent that it should be removed, delivered to a third person, directing him to take charge of it, and the latter did so. The wife did not return, or offer to return, to her husband. *Held*, that there was an acceptance of the property and

Dailey *v.* Crowley.

exercise of ownership over it by the plaintiff for himself, after the wrongful taking, and an allowance of damages for its full value was error.

It seems the resumption of ownership and repossession should have been considered in mitigation of damages, and that the value of the property, exclusive of the wife's wearing apparel, would have been a true measure of damages if the property had not been retaken.

THE action was originally brought in a Justice's Court, where a judgment was rendered in favor of the plaintiff. The defendant appealed to the County Court, and the cause was referred.

The complaint was for wrongfully taking and carrying away certain goods, furniture, &c., of the plaintiff. The answer was a general denial, and, as amended on the trial, set up that, since the commencement of the action, the plaintiff had received, accepted and retained the possession of the goods, &c., in the same condition as when taken. It appeared upon the trial that the plaintiff's wife, through the influence of the defendant, and by his procurement, left the plaintiff, and took a quantity of personal property, wearing apparel, household goods, &c., of the plaintiff; that the defendant aided her in taking said goods clandestinely, and with knowledge that she intended to abandon her husband and home; that she went to Ogdensburgh, then to the southern part of the State, and afterward returned with the goods to the vicinity of her husband's residence.

The referee found, among other things, " that the plaintiff's wife delivered to plaintiff the railroad checks for said goods which were taken by her, on her return, and he took such checks, knowing they were for such goods, because the station agent where said goods were, desired to have them taken away, plaintiff delivered the checks to another, with directions to take said goods and take charge of them; that they were so taken by such person, who, up to time of such trial before me, had continued them in his possession; that said wife had never returned to or cohabited, or offered to cohabit, with plaintiff, and that she had not taken any of said goods, so taken away, with his knowledge or consent; that the value of such goods at the time of trial was $149.05; and,

Dailey *v.* Crowley.

as questions of law, that the conduct of defendant, connected with the departure of the wife and taking of the goods, made him liable for the value thereof, and what the plaintiff did in relation to the checks, or otherwise, was not such an acceptance of the goods as would prevent the plaintiff recovering therefor; and that the plaintiff was entitled to recover for the full value."

The defendant duly excepted to the findings of fact and law of the referee.

A judgment was entered upon the referee's report, and the defendant appealed.

*Tappan & Ewin,* for the appellant.

*W. H. Sawyer,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. The referee clearly erred upon the question of damages, and in his conclusion that what the plaintiff did in relation to the checks for the trunks, or otherwise, was not such an acceptance of the goods as would prevent the plaintiff from recovering therefor, and that the plaintiff was entitled to recover the full value of the same. He had found, as a fact, that the plaintiff had taken the checks knowing what they were for, and because the station agent where said goods were desired to have them taken away, delivered the checks to another with directions to take said goods and take charge of them; that they were so taken by such person, who, up to the time of the trial, had continued them in his possession. According to this finding of fact, the plaintiff actually took possession of the goods by taking the checks, exercised acts of ownership over them by means of his agent, and had the entire control over them. He could demand them and recover possession of them at any time of the agent to whom he had entrusted them, or of any person who might receive them, and really had the entire property

at his command. This was an exercise of ownership and an acceptance of the property for himself, and not for the benefit of a third party. The fact that he took them, as the referee found, because the station agent desired it, does not, in any way, detract from the right of the plaintiff to the possession and the ownership of the property. He was under no obligation to take the goods for the reason stated, and, as he chose to receive the checks and to take charge of the property by his agent, he assumed the responsibility of asserting his right and cannot claim to recover for the full value of the goods which he has thus reduced to possession. The defendant may be liable in a proper action for inducing the wife to leave the husband, but he is not liable for the full value of the property. This, perhaps, exclusive of the wife's wearing apparel, would be the true measure of damages if the goods had not been retaken; but when the plaintiff voluntarily consented to receive the checks, and exercise control over the property, that fact, although not an entire defence, should go in mitigation of damages. (*Vosburgh* v. *Welch*, 11 J. R., 175; *Hanmer* v. *Wilsey*, 17 Wend., 93; *Bowman* v. *Teall*, 23 Wend., 309.)

The action was for unlawfully taking and carrying away, and not for the conversion of the goods; and for all the damages arising from the alleged taking, the plaintiff was entitled to recover; but as the referee allowed the full value of the goods, notwithstanding their acceptance by the plaintiff and his control over them, the judgment must be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.