(91 App. Div. 12.)

### FLAGLER v. HEARST.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. CONVERSION—MEASURE OF DAMAGES—RETURN OF PROPERTY.

Where defendant in an action for conversion returns the property after suit is begun, but before trial, the measure of plaintiff's damages is the highest value of the article between the time of the conversion and the time of its return, with interest thereon to the time of trial, less the value of the article at the time of such return, with interest on that sum to the time of trial; and submitting to the jury the question of the value of the use of the article during the time it was in defendant's possession, and any damage resulting from its improper use, is error.

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by J. H. Flagler against William R. Hearst. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

See 70 N. Y. Supp. 956.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

C. J. Shearn, for appellant.

E. B. Hill, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the conversion of a steam yacht called the "Anita," her tackle, apparel, and furniture. The defense was a general denial; and for a further and separate defense, and in mitigation of damages, the defendant set up that prior to the 11th of September, 1899, and subsequent to the commencement of this action, the plaintiff, as the owner of the steam yacht Anita, entered upon and took possession of said yacht, and has since remained in possession thereof. Upon the trial the jury found that the original cause of action was established. It was also proved, as alleged in the answer, that the yacht had been returned by the defendant and taken possession of by the plaintiff. The question which then arose was as to the measure of damages. The court took evidence, and submitted to the jury as the measure of damage the

fair rental value for the use or hire of the yacht during the time it was in the possession of the defendant, and damage for the improper use of the yacht. To the submission of these elements of damage to the jury the defendant duly excepted, and we think the exception was well taken. In actions for conversion the rule of damage is exceedingly simple. The plaintiff is entitled to recover the highest value of the article converted from the time of the conversion to the time of the trial, and he is also entitled to recover as damages interest upon such value. Applying this rule, the plaintiff would have been entitled to recover primarily the highest value of the yacht in question from the time of the conversion to the time when it was returned to him on the 11th of September, 1899, with interest upon such value from the time of the conversion to the time of the trial; and the defendant was entitled to have offset against this amount the value of the yacht at the time she was returned and accepted by the plaintiff, with interest thereon to the time of the trial. That this must be the rule is evident from the nature of the pleadings. The complaint alleges the conversion on the 26th of April, 1898. The answer denies such conversion, but it has been established upon the trial, and therefore that allegation of the complaint must be taken as true. Then the defendant, further answering, and for a separate defense, and in mitigation of damages, alleges that prior to the 11th of September, 1899, but subsequent to the commencement of this action, the plaintiff entered into possession of the yacht. This answer clearly indicates that, if the conversion is established, the right to recover exists as in an action for conversion, but that the defendant is entitled to be credited with the value of the article as returned, of course with interest upon such value up to the time of the trial, the plaintiff being allowed interest upon the value of the yacht also up to the time of the trial. We know of no other rule regulating the measure of damages in actions for conversion. The court therefore erred in submitting to the jury the question as to the value of the use of the yacht during the time it was in the possession of the defendant and the damage that the yacht suffered during that time.

In these days of unnecessary and improper prolixity of pleadings, it is certainly refreshing to meet a complaint and answer which set out the cause of action and the defenses intended to be offered thereto in such concise and appropriate language as is used in the pleadings in this action.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except LAUGHLIN, J., who dissents.