The plaintiff, after deducting the costs and expenses of the sale, will be entitled to one-fourth of the proceeds, the appellant to one-half, and the defendant Gaines Lawson, as executor and trustee under the last will and testament of Laura Lawson, to the remaining one-fourth; the same to be held by him in trust, and to be disposed of in accordance with the terms of such will.

The judgment appealed from, therefore, is affirmed, with costs to the respondent.

(111 App. Div. 553) ·

CORN EXCH. BANK v. PEABODY et al.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. TROVER AND CONVERSION—MEASURE OF DAMAGES.

In the absence of special circumstances in an action for conversion of personal property, the value of the property at the time of the conversion, with interest, is the measure of damages.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trover and Conversion, §§ 254, 263, 264.]

2. COURTS—RULES OF DECISION—PREVIOUS DECISIONS—DICTA.

A decision has no binding force as a precedent, excepting so far as it determines the questions then before the court.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 311–340.]

3. APPEAL—HARMLESS ERROR—INSTRUCTIONS.

Error in instructing that the measure of damages for conversion is the highest value of the article converted from the time of the conversion to the time of trial is not rendered harmless by the fact that the only evidence of value given by the plaintiff was the value at the time of the conversion, and that the jury gave a verdict for a larger amount than the value shown by defendant's evidence to be the value at a later date.

Appeal from Trial Term, New York County.

Action by the Corn Exchange Bank against Henry W. Peabody and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

W. P. Prentice, for appellants.

John M. Bowers, for respondent.

McLAUGHLIN, J. This action was brought to recover the value of certain goatskins alleged to have been wrongfully converted by the defendants. These skins, consisting of two lots, one designated M. H. S. C. V. and the other D. R., were stored by plaintiff's assignor at different times with one Weber in warehouses kept by him. The defendants had also stored similar skins in the same warehouses. The warehouseman made a general assignment for the benefit of creditors, and thereupon the defendants, being unable to obtain possession of their skins from the assignees, brought an action for that purpose. A writ of replevin was issued, under which the defendants, acting through the sheriff, took possession of a large number of skins, including those alleged to belong to the plaintiff, which were subsequently sold. The plaintiff al-

leged in its complaint that the value of the skins taken was $18,128.83, for which judgment was demanded, besides interest. The defendants denied not only the conversion, but also that the skins were of the value alleged. At the trial much evidence was given by both parties bearing upon the question of the conversion and the identity of the skins, as well as their value; the plaintiff's proof tending to show that the value of the M. H. S. C. V. skins was $8,290.06, and the value of the D. R. skins $7,175, making in all $15,465.06, while the defendants' proof tended to show that the skins were of much less value, especially the D. R. skins. The jury evidently accepted the testimony offered on the part of the plaintiff as correctly stating the value of the skins by rendering a verdict in its favor for $19,206.06, which was the value of the skins as stated by plaintiff's witnesses, together with interest from the time the conversion took place to the time of the trial. Judgment was entered upon the verdict, and defendants appeal.

Numerous errors are alleged as calling for a reversal of the judgment, both as to the admission and rejection of evidence, and especially as to the sufficiency of the proof to establish that all of the skins for which an award has been made belonged to the plaintiff. These questions, or some of them, would require very serious consideration, but, inasmuch as we are all agreed there must be a new trial on account of an error in the charge, and they may not again be presented, it is unnecessary to pass upon them.

The value of the skins taken was one of the questions seriously contested at the trial, and, while there was no great difference between the parties as to the value of the M. H. S. C. V. skins, there was a very material difference as to the value of the D. R. skins; the plaintiff's testimony tending to show that they were worth in February, when the conversion took place, at least 35 cents per pound, while the testimony on the part of the defendants tended to show that they were worth at most from 10 to 17 cents per pound. All of the skins were sold by the defendants, and there does not seem to be any serious question raised but what they obtained the best possible price at such sales, the M. H. S. C. V. skins bringing $7,680.94, and the D. R. $1,929.90, making in all $9,610.84; yet the jury found that the value of the skins was several thousand dollars more than the amount realized by the defendants. Bearing upon the question of the value of the skins, the learned trial justice, in submitting the case to the jury, said:

"The plaintiff is entitled to recover the highest value of the article converted, if you find there was a conversion in this case, from the time of the conversion to the time of the trial, and he is also entitled to recover as damages interest upon such value."

An exception was duly taken to this portion of the charge, and the plaintiff's counsel, evidently realizing that it was not the proper rule, immediately said: "I am perfectly willing that should be corrected," to which the court responded: "I refuse to correct it, and refer you both to Flagler v. Hearst, 91 App. Div. 12, 86 N. Y. Supp. 308. I reiterate that charge. It is the rule of damages in conversion cases." The learned court was in error. It is not the proper rule of damages in actions of conversion. As I understand it, the general rule is this: In

the absence of special circumstances, in an action for conversion of personal property, the value of the property at the time of such conversion, with interest, is the measure of damage. This is fair to both parties. It compensates the one for the loss sustained, and compels the other to pay that loss for the wrong committed. Matthews v. Coe, 49 N. Y. 57; Baker v. Drake, 53 N. Y. 211, 13 Am. Rep. 507; Ormsby v. Vermont Copper Mining Co., 56 N. Y. 623; Parsons v. Sutton, 66 N. Y. 92; Barnes v. Brown, 130 N. Y. 372, 29 N. E. 760; Parmenter v. Fitzpatrick, 135 N. Y. 190, 31 N. E. 1032. No special circumstances were alleged in the complaint, nor were any facts proved upon the trial to take this case out of the general rule. The plaintiff was entitled to recover, if at all, the value of the skins at the time the conversion took place, together with interest thereon to the time of trial. He was not entitled to recover their highest value between the time of conversion and the time of trial. I have been unable to find a single authority in this state which sustains the instruction given other than Markham v. Jaudon, 41 N. Y. 255, which was expressly overruled by Baker v. Drake, supra. Flagler v. Hearst, 91 App. Div. 12, 86 N. Y. Supp. 308, relied upon by the trial court, does not sustain it. That was an action for the conversion of a yacht, which was afterwards returned to the plaintiff, who had a recovery, and defendant appealed. One of the errors alleged as calling for a reversal of the judgment was that the jury had been erroneously instructed as to the measure of damage. The trial court laid down the rule that the plaintiff's measure of damage was the value of the use of the yacht and the damage that she had suffered during the time she was in possession of the defendant. This was held to be erroneous, and for that reason a new trial was ordered; and, while there are expressions in the opinion to the effect that the plaintiff was entitled to recover the highest value of the yacht from the time the conversion took place to the time of the trial, such expressions have no binding force except as applied to that case. A decision has no binding force except in so far as it determines the question then before the court. This rule was reiterated by the Court of Appeals in the recent case of Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722, where the court said:

"It was not our intention to decide any case but the one before us, * * * and our opinion should be read in the light of that purpose. If, as sometimes happens, broader statements were made, by way of argument or otherwise, than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion, and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant, and, when it wanders from the point at issue, it no longer has force as an official utterance."

Besides, in the Flagler Case there were special circumstances which took it out of the general rule.

But it is urged by the respondent's counsel that, even if the instructions of the court as to the measure of damage were an incorrect statement of the law, nevertheless the judgment ought not to be reversed, because such instructions could not have had any effect upon the verdict. What is claimed in this respect is that the evidence offered by the plaintiff tended to show the value of the skins at the time the conver-

sion took place, and not at a subsequent date; that the only evidence of value of any other date than the date of conversion was introduced by the defendants, and for the most part consisted of proof of the disposition of the goods at a later date, which showed a value slightly less as to the M. H. S. C. V. skins, and much less as to the D. R.; and, as the highest value proved was of the date of the conversion, it was immaterial that the jury should be instructed, if they found a conversion, they should award the highest value between the date of conversion and the date of trial. This reasoning is plausible, but not sound. The value of the goods, as already said, was one of the serious questions litigated. Plaintiff was not entitled to the highest value, but to the actual value of the goods at the time the conversion took place, and, in determining what such actual value was at the date the conversion took place, the jury had a right to consider—indeed they were bound to consider—all of the evidence offered by both parties bearing on that subject, and this included what the skins brought when sold. Parmenter v. Fitzpatrick, supra. The instructions practically withdrew from the jury the defendants' evidence bearing upon the subject of value, and left simply the plaintiff's evidence to be considered, because that established the highest value. The jury could not, under the instruction, weigh all the evidence, and from that determine what the value was at the time of the conversion.

The case was submitted to the jury upon an erroneous theory as to the measure of damage. The instructions permitted them to award damages to which the plaintiff was not entitled. That the defendants were prejudiced by these instructions is sufficiently evidenced by the verdict rendered, and therefore justice requires there should be a new trial.

The judgment and order appealed from is reversed, and new trial ordered, with costs to appellants to abide event. All concur.