Argued 22 January, decided 5 March, 1907.

### SEFFERT *v.* NORTHERN PACIFIC RAILWAY CO.

#### 88 Pac. 962.

PLEADING—FORM OF GENERAL DENIAL.

1. The rules of pleading under statutes permitting general denials are reviewed and discussed.

PLEADING—SUFFICIENCY OF REPLY—WAIVER OF DEFECT.

2. A denial in a reply of "each and every allegation of said answer except such facts as are set forth in the complaint admitted by said answer," is equivalent to a denial of every allegation in the answer except as alleged in the complaint, and, if it is defective, it is not entirely bad, and objection thereto is waived by going to trial without question.

FINDINGS BY COURT—REVIEWING SUFFICIENCY OF EVIDENCE.

3. The appellate court will examine the evidence in an action tried without a jury only to the extent of determining if there is any competent support for the findings, it will not review the weight or sufficiency of the evidence.

From Columbia: THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by respondent, Ervin Seffert, against the Northern Pacific Railway Co. to recover the value of a cow killed by a train of the appellant at Deer Island Station. Respondent's cow was at large on the range with other cattle, and, at the time of the killing, was grazing on the side track of appellant at said station about 600 feet north of the south end of the side track, and about 200 feet north of a car standing on the side track. The south end of the side track is about a quarter of a mile north of the station. The train that struck the cow was the northbound passenger, running about 35 miles an hour. It did not stop at the station.                    AFFIRMED.

For appellant there was a brief over the name of *Carey & Mays,* with an oral argument by *Mr. Omar Corwin Spencer.*

For respondent there was a brief and an oral argument by *Mr. William Hamilton. Powell.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. After the evidence was taken, appellant's counsel moved the court for judgment on the pleadings for the reason that the denial of the reply is insufficient to put at issue the affirmative allegations of the answer. The denial of the reply is in the following words:

"Denies each and every allegation thereof except such facts as are set forth in this plaintiff's complaint admitted by said answer."

This is equivalent to a denial of each and every allegation of the answer except as in the complaint alleged. The answer to the complaint, after the denial, which is positive and general, by affirmative allegations, practically admits that the cow went upon the track, as alleged, and was killed, and would probably carry with it the further admission, inferentially at least, that the cow was killed by the appellant's train.

In *Veasey* v. *Humphreys,* 27 Or. 515, 518 (41 Pac. 8, 9), Mr. Justice WOLVERTON, in speaking of such defenses, says: "New matter pleaded under this statute, which goes to defeat the plaintiff's cause of action, logically speaking, if not expressly, admits by implication a real or apparent right in plaintiff to be thus avoided. Such a plea at common law was by way of confession and avoidance, in which the defendant had to give color to the plaintiff." To the same effect is *Watkinds* v. *Southern Pac. Co.* (D. C.), 38 Fed. 711 (4 L. R. A. 239). The plaintiff here sought to qualify his denial contained in the reply, so as not to controvert matter alleged in his complaint. Denials should not be recklessly made, as they are made under oath equally with the affirmative matter, and they must be in accordance with the truth, and therefore, where the traverse is not intended to be complete (that is, some of the matters alleged are not controverted), the denial cannot be a positive denial, but must be qualified to conform to the truth.

There is a conflict in the authorities as to the sufficiency of

such a denial as the one in question here, a few states holding that it is a nullity, others that it is bad pleading, but must be remedied by motion to strike out or to make more definite, and if it is not so attacked the irregularity is waived. But the better rule seems to be that a general denial of each and every allegation of the complaint, except as hereinafter admitted, qualified or stated, is a proper form of denial, if the matters so excepted are so definite and certain as to make the issue plain. 1 Enc. Pl. & Pr. 803, after citing authorities on this conflict, says: "'The weight of authority is in favor of allowing a general denial of all allegations not otherwise admitted. When there is no ambiguity in what is stated, admitted or qualified, and when the allegations of the complaint are so specific that there can be no mistake in ascertaining what is put in issue, and no difficulty in punishing the defendant if the verification is false, this form of denial is sufficient." And if the pleading taken as a whole leaves it doubtful or ambiguous as to what is denied, then it should be remedied by motion to make definite or to strike out: Bliss, Code Pl. (3 ed.), § 331*a*; *Ingle* v. *Jones,* 43 Iowa, 286; *Kingsley* v. *Gilman,* 12 Minn. 515 (Gil. 425) ; *Griffin* v. *Long Island R. Co.* 101 N. Y. 348 (4 N. E. 740) ; *Burley* v. *German-American Bank,* 111 U. S. 216 (4 Sup. Ct. 341: 28 L. Ed. 406).

2. Here the case had been previously tried in the justice's court on this reply, and, when the issues were made up in the circuit court, it was stipulated that the plaintiff's reply "should be considered as the reply to the answer to the amended complaint," and the form or sufficiency of it was not questioned until after the trial. This was too late. Such a denial, if defective, is not a nullity, but must be questioned by motion or demurrer before trial.

3. It is also claimed that there is no evidence in the record of any negligence on the part of the defendant. On appeal from a judgment on findings of the court in a case tried without a jury, the appellate court will not consider the testimony further than to ascertain if there was any competent evidence to

support the findings: *Salem Traction Co.* v. *Anson*, 41 Or. 562 (7 Munic. Corp. Cas. 701: 67 Pac. 1015, 69 Pac. 675). "The findings of fact of the trial court are conclusive on us if there was some competent evidence offered and admitted at the trial reasonably tending to their support, and, 'whether or not that court was justified by the weight of the evidence in making the findings, this court cannot consider' ": *Astoria Railroad Co.* v. *Kern*, 44 Or. 538, 542 (76 Pac. 14, 15). There was a conflict between the evidence for the plaintiff and that for the defendant as to whether or not the engineer made any effort to frighten the cow by the use of escaping steam, ringing the bell or whistling; whether the cow was in view of the engineer in time for him to check the speed of the train; and whether he made any effort to check its speed. There was some evidence tending to show negligence on the part of the defendant, but whether the weight of evidence justified the findings we cannot consider, and the judgment is affirmed.        AFFIRMED.