(66 Misc. Rep. 153.)

JOHNSON v. MARKS.

(Supreme Court, Appellate Term.   February 18, 1910.)

1. SHERIFFS AND CONSTABLES (§ 113*)—CONVERSION—SEIZING PROPERTY WITHOUT PROCESS.

Where a marshal seizes property under execution against the property of one other than the owner, he is guilty of conversion.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 187; Dec. Dig. § 113.*]

2. TROVER AND CONVERSION (§ 58*)—DAMAGES—MITIGATION—PROPERTY RETURNED BEFORE SUIT.

Where property which has been converted is returned before suit brought, plaintiff will be deemed to have received it in mitigation of damages.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 277; Dec. Dig. § 58.*]

3. TROVER AND CONVERSION (§ 47*)—MEASURE OF DAMAGES.

In the absence of special circumstances, the value of personal property at the time of conversion, with interest, is the measure of damages.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 245–253, 265, 268, 273; Dec. Dig. § 47.*]

4. DAMAGES (§ 1*)—NATURE OF RULES FOR COMPUTING.

The rules for estimating damages are subject to exception, and are to be applied so as to give effect to the purpose they were intended to serve, rather than as stereotyped formulæ, without regard to whether they result in justice or injustice.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 1; Dec. Dig. § 1.*]

5. DAMAGES (§ 1*)—MEASURE OF DAMAGES—TORTS.

The aim of the law in awarding damages in actions of tort is to give the injured party a full indemnity, and no more, unless the injury has been willful or malicious.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 1; Dec. Dig. § 1.*]

6. TROVER AND CONVERSION (§ 47*)—MEASURE OF DAMAGES—AUTOMOBILE HIRED FOR PROFIT.

Where an automobile let out for profit by the owner was converted, the owner was entitled as damages to the value of the use thereof during the time it was detained.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 47.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Mary F. Johnson against Nathan Marks. From a judgment for defendant, and an order denying a motion to set aside the verdict, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Charles Weishaupt, for appellant.

Firestone & Silver, for respondent.

SEABURY, J. The plaintiff, who was the owner of an automobile, sued the defendant, a city marshal, for damages for conversion. The marshal levied upon the automobile under an execution against the property of the defendant's husband. After detaining the automobile for 16 days, and before this action was brought, it was upon a writ of replevin taken from the possession of the marshal and returned to the plaintiff. The learned court below submitted the case to the jury upon the theory that it was for them to determine whether or not a levy had been made, and instructed them that if a levy had been made the plaintiff was entitled to recover, and that if no levy had been made they should return a verdict for the defendant. The plaintiff excepted to this charge. The jury returned a verdict for the defendant.

The charge was incorrect, and the theory upon which the case was tried was erroneous. The evidence established the fact that the plaintiff was the owner of the automobile, and that the marshal took possession of it, and retained possession for a period of 16 days under an execution against the property of the plaintiff's husband. Upon the evidence there was no question that the marshal took possession of the plaintiff's property. This was a conversion of the plaintiff's property, unless the marshal could justify his action by showing that he took the property under lawful process against the plaintiff. This he failed to do. The only question before the jury was the amount of the damages which the plaintiff was entitled to recover. The court excluded evidence of the use value of the automobile during the 16 days that the marshal had possession of it. The automobile was not used by the plaintiff for pleasure, but was hired by her to others for profit.

The books are uniform in laying down the rule that where property has been converted, and is returned before suit brought, the plaintiff will be deemed to have received it in mitigation of damages. Dailey v. Crowley, 5 Lans. 301; Hibbard v. Stewart, 1 Hilt. 207; Reynolds v. Shuler, 5 Cow. 323. These cases do not, however, declare the amount of damages which should be awarded for the detention of the article converted. In actions of conversion when the article has been returned, it has been customary to award interest upon the value of the article converted to the time of the trial. In Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641, it was said that:

"It would have to be a very special case that could authorize greater damages."

In Flagler v. Hearst, 91 App. Div. 12, 86 N. Y. Supp. 308, where a yacht was converted and returned to the plaintiff, it was held that the defendant was liable only for interest upon the value of the yacht up to the time of trial. In that case the learned judge writing the opinion of the court said:

"In actions for conversion the rule of damage is exceedingly simple. The plaintiff is entitled to recover the highest value of the article converted, from the time of the conversion to the time of the trial, and he is also entitled to recover as damages interest upon such value."

After applying this rule to the facts of that case the court said:

"We know of no other rule regulating the measure of damage in actions for conversion."

That the rule was not stated with accuracy in Flagler v. Hearst, 91 App. Div. 12, 86 N. Y. Supp. 308, was afterwards recognized in Corn Exchange Bank v. Peabody, 111 App. Div. 553, 98 N. Y. Supp. 78, where the same court stated the general rule in the following language:

. "In the absence of special circumstances, in an action for conversion of personal property, the value of the property at the time of such conversion, with interest, is the measure of damages."

The rule thus declared is in accord with the statement of it in Allen v. Fox, supra, and this statement of it recognizes that it is not an absolute rule, and that when special circumstances exist a different rule is to be applied. Rules for estimating damage are not intended as dogmas from which no departure can ever be made. Like rules in reference to nearly all other matters, they are subject to exception, and are to be used so as to give effect to the purpose they were intended to serve, rather than to be applied as stereotyped formulæ, without regard to whether they result in justice or injustice.

The aim of the law in awarding damages in actions of tort "is to give the injured party a full indemnity, and no more, unless the injury has been willful or malicious." Allen v. Fox, supra. Where an article having a usable value is used for profit, is converted, and then returned after a delay, an award of interest upon the value is not necessarily full indemnity. An illustration will make the matter clear. Assume that an automobile valued at $1,500, which the owner has been accustomed to hire out at a profit of from $10 to $25 a day, is converted; and after a period of 30 days is returned, to award the plaintiff interest upon the value would entitle him to recover only $7.50. Hence the amount awarded the plaintiff for the 30 days' detention would be less than the usable value of the automobile for a single day. Applied to such a case, the rule results in absurdity and injustice.

In the case at bar, what the plaintiff in fact lost, and what she is suing to recover, is the value of the use of the automobile during the time of its detention. We think she is entitled to be compensated for the value of this use for the 16 days during which she was, by the wrongful act of the defendant, deprived of the use of the automobile.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.