Argued and submitted April 12, decided April 25, 1911.
Rehearing denied May 16, 1911.

### SINGER v. PEARSON-PAGE CO.

[115 Pac. 158.]

APPEAL AND ERROR—REVIEW OF FACTS—CONCLUSIVENESS OF FINDINGS.
1. Findings of the court in a cause tried without a jury have the force and effect of a verdict, and cannot be disturbed where there is any competent evidence to support them.

TROVER AND CONVERSION—MEASURE OF DAMAGES.
2. The measure of damages in trover, where plaintiff neither alleges nor shows special damage, is the value of the property at the time of the conversion with interest to the trial.

TROVER AND CONVERSION—COMPLAINT—ALLEGATIONS AS TO DAMAGE—SPECIAL DAMAGE.
3. Where a complaint in trover for the conversion of a horse and wagon does not allege special damage on account of the owner's loss of their use from the time of taking, such damages are not recoverable.

TROVER AND CONVERSION—ACTIONS—EVIDENCE—EXTENT OF DAMAGE.
4. In an action for conversion, evidence of the value of the property within a reasonable time both prior and subsequent to the conversion is admissible to show its value at the time of the conversion.

From Multnomah: WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE BEAN.

This is an action for conversion by J. F. Singer against the Pearson-Page Company. The complaint pleads the general issue, and alleges ownership of the property in defendant, and the reply puts in issue the affirmative matter of the answer. The cause was tried by the court

without the intervention of a jury, resulting in a finding for the plaintiff, with damage assessments for the value of the horse of $125, of the wagon $90, and special damages of $145 for the use of the horse and wagon from the time of their conversion to the commencement of the suit. Defendant appeals.                MODIFIED: REMANDED.

For appellant there was a brief over the names of *Messrs. Wilson & Neal,* with an oral argument by *Mr. Oscar A. Neal.*

For respondent there was a brief and an oral argument by *Mr. J. Silverstone.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The defendant assigns as error that there was no testimony to support the findings of fact, particularly as to the value of the horse and wagon. Testimony was produced tending to support the allegations of the complaint. Plaintiff testified as to what he considered the value of the horse and wagon, which evidence was admitted without objection from defendant. The value of the property practically was uncontested, but its ownership was contested, and the testimony in regard thereto was conflicting. When a cause is tried by the court without a jury, the findings may have the force and effect of a verdict of a jury, and cannot be disturbed if there is any competent evidence to support them. Upon appeal this court will not review the weight or sufficiency of the evidence: *Savage* v. *Salem Mills Co.,* 48 Or. 1 (85 Pac. 69) ; *Seffert* v. *Northern Pacific Co.,* 49 Or. 95 (88 Pac. 962) ; *McClung* v. *McPherson,* 47 Or. 73, 81 Pac. 567 (82 Pac. 13).

2. It is contended by defendant that under no circumstances was the plaintiff entitled to recover as an element of damages anything for the use of the property converted, as that is not a proper measure of damages

in an action for conversion. In an action in trover the rule for the measure of damages is well understood. The title to the property, alleged to have been converted, is regarded as having passed to the defendant, who is liable for its value, together with simple interest. "The measure of damages, therefore, in an action of trover, unless plaintiff, by reason of the unlawful act of the defendant, has suffered some special loss or injury, which must be alleged, is the value of the property at the time of the conversion, with interest thereon to the trial." *Eldridge* v. *Hoefer*, 45 Or. 239 (77 Pac. 874), citing 4 Sutherland, Dam. (3 ed.) § 1109; 2 Sedgwick, Dam. (8 ed.) § 493; Field, Dam. § 792; Eggleston, Dam. § 288.

3. In the case under consideration it is not alleged or shown that plaintiff has suffered any special loss or injury on account of the acts of defendant: *Gove* v. *Watson*, 61 N. H. 136, was an action in trover for the conversion of oxen which had been returned and accepted by the plaintiff. During defendant's possession of the oxen he worked them without plaintiff's knowledge or consent, and plaintiff sought to recover the value of such work as an item of damages, but the court held that the measure of damages was the difference between the value of the oxen at the time of their conversion and their value at the time they were retaken by plaintiff. See, also, *Flagler* v. *Hearst*, 91 App. Div. 12 (86 N. Y. Supp. 308).

4. In *Austin* v. *Vanderbilt*, 48 Or. 206 (85 Pac. 519: 6 L. R. A. (N. S.) 298: 120 Am. St. Rep. 800), the holding of the court in an opinion by Mr. Justice MOORE was that in an action in trover the value of property at the time of its conversion is generally the measure of damages. To ascertain that value, evidence of its worth within a reasonable time both prior and subsequent to the conversion is admissible—citing many authorities.

We are therefore of the opinion that the court erred in assessing special damages for the use of the horse and

wagon, and the cause is remanded to the lower court, with directions to enter judgment for the amount of damages assessed, after deducting the special damages of $145 for the use of the converted property.

MODIFIED: REHEARING DENIED.