Argued July 20, affirmed Septemeber 8, 1914.

# EUGENE *v*. LOWELL.

(143 Pac. 903.)

**Appeal and Error—Review—Questions of View.**

1. In an action at law, tried to the court, its findings are equivalent to a verdict, and on appeal the evidence will not be examined further than to ascertain if there is any of it competent to support the findings.

**Dedication—Nature and Requisites—Express Grant.**

2. An article of dedication dedicating to public use the streets, alleys, avenues and boulevards in an attached plat, which also shows a block marked by the words "Park Reserved," does not include the park within the terms "streets, alleys, avenues and boulevards."

[As to dedication by maps and plats, see note in 10 Am. St. Rep. 189.]

**Dedication—Nature and Requisites—Filing Plat—"Reserve."**

3. The filing of a plat showing blocks, streets, alleys, avenues and boulevards, with one block also marked "Park Reserved," does not, under the rule requiring the intention of the party to be given effect, constitute a dedication of such block as a park, the word "reserved" meaning kept or set aside for future use, kept back.

**Dedication—Nature and Requisites—Acts in Pais—Pleading.**

4. Where the complaint alleges that defendant's predecessors dedicated the premises in dispute, the plaintiff is entitled to show such a dedication by acts *in pais* independent of any deed.

**Dedication—Evidence—Admissibility.**

5. On an issue as to the dedication of a park, testimony that the ground was inclosed by the owners, devoted to private purposes, and conveyed to other private owners by deed, that they paid taxes on the land, and after the land was included within the city limits, 14 years after it was platted, the defendant paid street assessments, and at the behest of the city laid a sidewalk along the street upon which the property abutted, was admissible, not as supporting a plea of equitable estoppel, but as showing that there was no intention to dedicate a park.

> [As to when acceptance of a dedication is to be inferred, see note in 58 Am. Rep. 146.]

**Dedication—Evidence—Sufficiency.**

6. On an issue as to the dedication of property as a park, evidence *held* to sustain the conclusion that there was no dedication *in pais*.

From Lane: LAWRENCE T. HARRIS, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is substantially an action of ejectment brought by the City of Eugene to recover from the defendant, Susan Lowell, the possession of a tract of land, which the plaintiff claims was dedicated to the public by the defendant's predecessors in title to be used as a park.

The answer consists of the general issue, plea of title in fee simple in the defendant, title by adverse possession, and matter designed as an estoppel of the city to assert title.

The reply traverses the answer in material particulars. The parties consented to try the issues before the court without a jury. The result was findings of fact and conclusions of law, with a consequent judg-

ment in favor of the defendant, from which the plaintiff appealed.                              AFFIRMED.

For appellant there was a brief over the names of *Mr. G. F. Skipworth* and *Mr. Jay L. Lewis,* with an oral argument by *Mr. Skipworth.*

For respondent there was a brief over the names of *Mr. George B. Dorris* and *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Charles A. Hardy.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. As a foreword it may be set down that in an action at law tried by the court without a jury the findings of the trial court are equivalent to a verdict, and upon appeal the evidence will not be examined further than to ascertain if there is any of it competent to support the findings: *Astoria R. R. Co.* v. *Kern,* 44 Or. 538 (76 Pac. 14); *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847); *Seffert* v. *Northern Pac. Ry. Co.,* 49 Or. 95 (88 Pac. 962, 13 Ann. Cas. 883); *Courtney* v. *Bridal Veil Box Factory,* 55 Or. 210 (105 Pac. 896); *Savage* v. *Salem Mills Co.,* 48 Or. 1 (85 Pac. 69, 10 Ann. Cas. 1065); *Singer* v. *Pearson-Page Co.,* 58 Or. 526 (115 Pac. 158); *Giaconi* v. *City of Astoria,* 60 Or. 12, 29, (113 Pac. 855, 118 Pac. 180); *Prudential Trust Co.* v. *Merchants' Nat. Bank,* 66 Or. 224 (133 Pac. 1191).

2. It appears from the findings that the defendant's predecessors in title platted a portion of a farm owned by them on November 4, 1890, on the map of which was a tract designated as lot 17, block 1; also by the words "Park Reserved." The article of dedication annexed to the plat is in these words:

"Know all men by these presents, that we, John Straub and Geo. M. Miller, hereby dedicate to public use the streets, alleys, avenues and boulevards in the above plat of Fairmount, situated on the Wm. Smith Don. land claim and from which the corner to sections 32 and 33, township 17 south, range 3 west, and sections 4 and 5, township 18 south, range 3 west, bears south 39 degrees east 317 feet from the southwest corner of block 14 in said plat, reserving to ourselves, our heirs and assigns forever, the exclusive right to build on and operate street-cars, street railways, railroads, telephones, telegraphs, water-mains, and water ditches, upon all the above dedicated streets, alleys, avenues, and boulevards."

This dedicatory statement was signed and acknowledged by the then owners of the property. So far as dedication by deed is concerned the contention of the plaintiff depends upon the proper construction to be given to the plat and its dedicatory words. The article of dedication refers only to streets, alleys, avenues and boulevards. The term "park" is not in any sense included within these words.

3. It is true that there are cases like *Steel* v. *Portland,* 23 Or. 176 (31 Pac. 479), where the designation as a park of a large plat of ground on a map thereof marked out with streets, blocks and alleys amounts to an irrevocable dedication to the public of that plat as a place of recreation in the generally accepted meaning of the term "park." That case and others like it depend upon the fact that the *locus in quo* is marked with the word "park" without any other restricting or qualifying words. Under such circumstances the word is given its ordinary signification of a place used by the public for recreation and amusement. The rule of construction, however, as laid down by Elliott in the second edition of Roads and Streets, Section 119, is to

discover and give effect to the intention of the party as manifested by his acts. We must therefore attend to the word "reserved," appearing upon the plat, when we undertake to construe that document, remembering that words are to be taken in their ordinary signification unless something to the contrary appears. "Reserved" is defined by Webster as "kept or set apart or aside for future or special use, or for an exigency." The Century Dictionary definition is "kept for another or future use, retained, kept back." The Standard and Encyclopedic Dictionaries are to the same effect. To dedicate to the public use is to give to the public, the intention of the owner being to part with the control and title of the property; but to use the word "reserved," as in this instance, is to retain the property and to make an exception in what would otherwise be a general grant. If, in dedicating or giving away something, a part is retained or kept back, as the lexicographers say, it is manifest that the portion kept back or reserved is not included in nor affected by the dedication: *Baker* v. *Vanderburg,* 99 Mo. 378 (12 S. W. 462); *Cowles* v. *Gray,* 14 Iowa, 1; *Grant* v. *Davenport,* 18 Iowa, 179; *Cleveland* v. *Bergen Building & Imp. Co.* (N. J. Ch.), 55 Atl. 117; *Harris* v. *St. Helens, post,* p. 000 (143 Pac. 941). So far, then, as the issue depends upon the plat and its article of dedication, the court correctly construed it according to its legal effect.

4. There may be dedication, however, by acts *in pais* independent of any deed, and under the allegations of the complaint to the effect that the defendant's predecessors dedicated the premises in dispute, the plaintiff would be entitled to prove such a dedication. The rule is thus stated in 13 Cyc. 452:

72 Or.—16

"In order to constitute a valid dedication there must be an intention on the part of the owner to devote his property to the public use, and the intention must be clearly and unequivocally manifested. Nevertheless the intention to which courts give heed is not an intention hidden in the mind of the land owner, but an intention manifested by his acts."

5, 6. In judging of the correctness of the court's determination on this branch of the case we are limited in our quest, and can go no further than to ascertain whether there is any testimony to support such a finding. The testimony is ample to the effect that the parcel of ground in question was inclosed by the owners, devoted to private purposes, was conveyed to other private owners by deed; that they paid taxes on the same, and after the ground was included within the city limits some 14 years after it had been platted, the present defendant paid street assessments levied by the city, and at its behest laid down a sidewalk along the street upon which it abutted. All these acts are utterly inconsistent with the intention to dedicate the premises to the public by acts *in pais*. They were admissible in evidence, not as supporting a plea of equitable estoppel in an action at law, but as making plain that there was no intention to dedicate a park. They amply sustain the legal conclusion drawn by the court from the facts found.

The judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.