Rapid Machine Works, Inc., Plaintiff, *v.* Marcus Silberstein, Defendant.

City Court of New York, New York County, March 12, 1930.

*Samuel A. Hirshowiiz,* for the plaintiff.

*Shepard Broad,* for the defendant.

Steuer, J. Action for conversion of two printing presses. Plaintiff proved right to possession, demand and refusal, and the market value of the presses. In cross-examination it developed that the presses were returned to plaintiff by defendant under a stipulation that the return was to be " without prejudice " to plaintiff's cause of action for conversion. The presses had the same value when returned as when converted. Plaintiff is a dealer in second-hand presses, and did not use them for any other purpose than buying and selling. Upon these facts a verdict was directed for plaintiff for nominal damages. Plaintiff now seeks to set aside that verdict upon these grounds: That the return of the converted chattels after suit was brought is ineffectual as a defense and does not alter the case; that, even if this is not so, the return should have been pleaded in mitigation of damages; that plaintiff was entitled to interest on the value of the presses while they were converted.

The first ground is ordinarily true. But the stipulation of counsel puts a different complexion on the transaction. Did the parties mean that the chattels were to be had by the plaintiff and that nevertheless the defendant was to be responsible for their

value? The only meaning the stipulation can have is that, by an acceptance of the presses, plaintiff is not to be deemed to waive his rights to whatever damages he suffered, but not that the acceptance was not to be considered. The acceptance is similar to a part payment after suit brought, which, under appropriate pleading, can be proved. (*Mercantile Factors Corp.* v. *Warner Bros. Pictures*, 215 App. Div. 530.) Defendant should have pleaded in mitigation of damages. Had the point been raised at the trial, amendment would have been allowed, as no surprise could have been claimed. This being so, plaintiff was not prejudiced. As to interest, plaintiff confuses his contention with the rule that interest is allowable on an amount found to be owing for conversion. It is. (*Suzuki* v. *Small*, 214 App. Div. 541.) The purpose of damages is " to give the injured party a full indemnity and no more, unless the injury has been willful or malicious." (*Allen* v. *Fox*, 51 N. Y. 562.) As Judge SEABURY pointed out in *Johnson* v. *Marks* (66 Misc. 153), many times this indemnity equals the interest on the value of the article converted for the period of the conversion. Often it is more. Sometimes it is less. Here it is nothing.

Motion denied.