## MINEZ v. MERRILL et al.

District Court, S. D. New York.

Aug. 14, 1930.

James M. Snee, of New York City (David J. Rosen, of New York City, of counsel), for plaintiff.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Frank P. Treanor, Jr., of

New York City, and G. C. Tarbell, Jr., of counsel), for defendants.

WOOLSEY, District Judge.

This complaint is dismissed for want of jurisdiction only, and for the same reason the motion to transfer the case to the equity docket is denied.

I. The plaintiff herein, a citizen of New Jersey and resident of Montclair, brings this action against two of the partners in the stock exchange house of Merrill, Lynch & Co. The two defendants are citizens and residents of New York City and state. Three of the other general partners in the defendant's firm are citizens of New Jersey.

II. The first point to be determined is whether this court has jurisdiction of a cause of action based on a claim against a partnership when diversity of citizenship does not exist between the plaintiff and all the members of the partnership.

That depends on whether the partners are severally, as well as jointly, liable for the kind of claim which the plaintiff is putting forward under the partnership law of the place where the dealings with the partnership were had.

III. It does not affirmatively appear on the face of the pleadings whether the plaintiff's dealings with Merrill, Lynch & Co. occurred in New York or New Jersey, but it is a fair implication that they occurred in one state or the other, or through communications sent from one state to the other.

IV. The partnership law of both New York and New Jersey is statutory, and, for the present purpose, is the same in each state.

On April 15, 1919, New Jersey passed the Uniform Partnership Act, New Jersey Laws, 1919, chapter 212 (P. L. p. 481).

On October 1, 1919, New York passed the Uniform Partnership Act (Laws N. Y. 1919, c. 408), as sections 1–74 of the Partnership Law, which is now chapter 39 of the Consolidated Laws.

The Partnership Law of New York State thus enacted provides, inter alia, as follows:

"§ 24. *Partnership Bound by Partner's Wrongful Act.* Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

"§ 25. *Partnership Bound by Partner's Breach of Trust.* The partnership is bound to make good the loss:

"1. Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and

"2. Where the partnership in the course of its business receives money or property of a third person and the money and property so received is misapplied by any partner while it is in the custody of the partnership.

"§ 26. *Nature of Partner's Liability.* All partners are liable

"1. Jointly and severally for everything chargeable to the partnership under sections twenty-four and twenty-five.

"2. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

The identic sections of the Uniform Partnership Act, as adopted by New Jersey, are sections 13, 14 and 15. New Jersey Laws 1919, c. 212 (P. L. p. 486).

V. It therefore becomes necessary to decide whether the present action sounds in contract or in tort, and so whether the partners would be jointly liable only, or severally as well as jointly liable, under the provisions of the last-quoted section of the New York Partnership Law, and section 15 of the New Jersey act. For the result is the same whether the dealings between the plaintiff and the partnership were had in New York or in New Jersey.

After much consideration, I have come to the conclusion, and I hold, that the complaint sounds in contract, and that the somewhat recriminatory words of tort used in the fifth and sixth paragraphs thereof are words of emphasis rather than of election of remedy.

There is not any question but that through the fourth paragraph there is no hint of anything but a contract. The fifth paragraph is literally open to be construed as an allegation of a tort, but contract complaints often end on just such an emphatic note. Cf. Austin v. Rawdon, 44 N. Y. 63, 69, 70, 71; Genuine Panama Hat Works, Inc., v. Webb et al. (D. C.) 36 F.(2d) 265, 267.

It is, however, the sixth paragraph of the complaint containing the ad damnum which, in my opinion, turns the scale definitely in favor of holding that this is an action in contract.

That paragraph, though it speaks of conversion, alleges somewhat inartificially **a**

loss by a rising market, which would be the measure of damages in contract, and does not allege the value of the stock with interest when sold by the defendant, which would be the measure of damages in conversion. Cf. statement by Mr. Justice Hunt, of the Supreme Court, sitting on circuit here, in Sedgwick v. Place, 12 Blatch. 163 at page 179, 21 Fed. Cas. page 992, at page 998, No. 12621, and also see Corn Exchange Bank v. Peabody, 111 App. Div. 553, 555, 98 N. Y. S. 78.

■ Damages are an essential part of any cause of action, and, in a somewhat nice question of construction like this, the basis on which damages are claimed may well be determinative of the nature of the cause of action which the plaintiff had in mind when he drew the complaint.

■ There is not a suggestion in the complaint that the two defendant partners entered into separate obligations. Cf. section 26 above quoted. The result is that, whether the New York or the New Jersey partnership law be found to apply when the case is elsewhere more fully developed, the liability of the two partners of the defendant copartnership here sued, being here claimed in contract, would only be a joint liability with the other partners and not a several liability attaching to them individually.

That makes the other copartners indispensable parties defendant, and, as three at least of them are citizens of New Jersey, the state of the plaintiff, we have not here a controversy wholly between citizens of different states, and consequently this court is without jurisdiction.

The complaint is therefore dismissed on that ground only, and the motion to transfer the case to the equity docket is for that reason denied.

An order in accordance herewith for judgment dismissing the complaint without costs for want of jurisdiction only may be presented for signature on one day's notice.