PEARL GREEN, Respondent, *v.* HERMAN H. VAN COTT, Appellant.

Third Department, November 19, 1930.

*Julien Scott,* for the appellant.

*V. D. Stratton,* for the respondent.

PER CURIAM. Defendant was the mortgagee in a chattel mortgage. He seized the cows covered by it upon the ground that he deemed his security unsafe. Plaintiff, the mortgagor, has recovered a judgment for conversion. Proof as to the market value of the cows was given by each of the parties. Special damages were neither alleged in the complaint nor proven upon the trial. The trial court charged an incorrect rule of damages when he said: " The market value is some criterion in arriving at the value of the cows to her, but it is not the sole criterion. And you have a right to say, as fair and reasonable men, how much the damage was to her; for having those cows taken from her without her consent." There were no facts which would change the general rule. Market value was the measure of defendant's liability. (*Baker* v. *Drake,* 53

N. Y. 211; *Corn Exchange Bank* v. *Peabody*, 111 App. Div. 553.) As these cows were marketable and had a market value which the evidence shows was " fairly indicative of their real value to their owner and of his loss by being deprived of them," *Lake* v. *Dye* (232 N. Y. 209) is not an authority.

The case must be reversed for the error of law, so a consideration of the facts would be unavailing, and we do not determine whether the verdict is against the weight of the evidence on the question of defendant's justification in seizing the cows.

The judgment should be reversed on the law, with costs to the appellant to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.