WILLIAM JOHNSON, RESPONDENT, v. THE OREGON STEAM NAVIGATION COMPANY, APPELLANT.

PLEADING—ALLEGATION OF OWNERSHIP IN ACTION FOR CONVERSION.—In an action for the wrongful conversion of personal property when the complaint contains no allegation that it was either the property of plaintiff or property in which he was interested, nor any allegation that it was wrongfully taken from his possession, it is not sufficient to sustain a judgment after verdict.

APPEAL from Clatsop County. The facts are stated in the opinion.

*Wm. Strong & Sons,* for appellant.

*J. W. Robb and C. W. Fulton,* for respondent.

By the Court, PRIM, J.:

This was an action to recover damages for an alleged wrongful carrying away of certain personal property described in the complaint. The action was originally commenced before a justice of the peace and appealed to the circuit court, where it was tried, and a judgment having been rendered against the appellant, an appeal has been taken to this court. The assignments of error are as follows:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in the admission of testimony.

The material parts of the complaint are as follows: "That said defendant, on or about the nineteenth day of July, 1878, by its agents and servants wrongfully carried away

upon one of its steamboats from Fisherton, W. T., to Astoria, Oregon, one chest of the value of five dollars, and the articles contained in said chest. The description and value of said articles are as follows, to wit: Gold and currency one hundred and ten dollars, one overshirt of the value of three dollars, one red undershirt of the value of two dollars and fifty cents, one pair of flannel drawers of the value of two dollars and fifty cents, one pocket knife of the value of two dollars and fifty cents, amounting to the sum of one hundred and twenty-five dollars. That said plaintiff has demanded from said defendant said money and property, but said defendant has neglected and refused to deliver the same to plaintiff. That said plaintiff has been at great trouble and expense in tracing and searching for his said property, to wit, the sum of twenty-five dollars, and at the expense of employing attorneys to bring and prosecute this action, to wit, in the sum of twenty-five dollars."

The first assignment of error is well taken. The first cause of action is for wrongfully carrying away certain personal property from Fisherton to Astoria, but there is no allegation that it was either the property of the plaintiff or property in which he was in any way interested. Nor is there any allegation that it was wrongfully taken from the plaintiff. Possession will not be presumed to be unlawful until it is shown to be so. In fact, the possession of personal property is *prima facie* evidence of ownership in said property, either special or general. The latter part of the complaint contains this expression, "That said plaintiff has been at great trouble and expense in tracing and searching for *his said property*." This allegation has reference to property which had already been described, and the words "his said property" could not enlarge those allegations. It is also a well settled rule of pleading, that a pleading must be construed most strongly against the pleader. There being no cause of action stated in the complaint it was not a defect which was waived by answering or cured by verdict.

The judgment is reversed and the cause remanded to the court below for further proceedings.