46  215
s46  286

Argued 31 January, decided 27 March, 1905.

**STATE ex rel. *v.* GUTRIDGE.**

80 Pac. 98.

FINDINGS AND CONCLUSIONS NOT A JUDGMENT.

1. Under Section 158, B. & C. Comp., requiring that on the trial of an issue of fact by the court, its decision shall be given in writing, stating the facts found and conclusions of law separately, and that they be entered in the journal, and judgment rendered in accordance therewith, the judgment is another order following the entry of the findings, and neither is the equivalent of the other.

SUPPLEMENTARY PROCEEDINGS—SUFFICIENCY OF FINDINGS TO SUPPORT JUDGMENT—CONTEMPT.

2. The presumption declared by B. & C. Comp. § 788, subd. 33, that conditions shown to exist continue as long as such conditions usually do, does not apply to the possession of money shown to have been on hand two years before. For example, a conclusion in March, 1904, that a judgment debtor has on hand enough money to satisfy a judgment of $600 and costs, is not supported by findings that in May, 1902, he received $2,000, that since then he had steadily earned three dollars per day; that he had no family except his wife, who during this time had been keeping boarders for pay; and that no satisfactory explanation had been made of what had been done with the $2,000.

From Grant: MORTON D. CLIFFORD, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is a proceeding supplementary to execution by the State on the relation of Grant Thornburg against G. H. Gutridge, and comes here on an appeal by the defendant from a judgment of the circuit court, adjudging him to be in contempt of court, to pay a fine of $25, and that he be imprisoned until he satisfies a certain other judgment previously rendered against him, and in favor of the relator, for the sum of $660.50 and costs. The contempt consists in his alleged disobedience of a supposed order or judgment rendered in a proceeding supplementary to execution, requiring him, within 15 days after its entry, to pay the relator's judgment by the application thereto of money which was found in the proceeding to be in his possession. The affidavit upon which the contempt proceeding is based shows, in substance, that on November 22, 1902, Thornburg obtained a judgment against the defendant for the sum of $660.50 and costs; that an execution was duly issued thereon, and returned nulla bona; that the judgment remains in full force and wholly unsatisfied; that by order of the court, made March 2, 1903, in a proceeding supplemental to execution, a referee was appointed to take and report the testimony therein; that thereafter, on May 20, 1903, the said referee made his report, and that from the testimony, pleadings, and rec-

ords in the cause the court found that defendant had in his possession in money $2,000, of which he was the owner, and, as a conclusion of law, that the defendant be required to pay said $2,000, or so much thereof as might be necessary to satisfy said judgment, within 15 days from the entry of judgment therein, which judgment and report were made a part of the affidavit; that said findings of fact, conclusion of law, judgment, and order were made and entered on the 4th day of March, 1904, of which defendant had personal knowledge, having been served with the same on April 8, 1904; and that defendant has no other property out of which the judgment may be made by levy of execution. The findings of the court to which reference is made in the affidavit, and which are a part thereof, are as follows:

"That on or about May —, 1902, the defendant sold to the Red Boy Mining & Milling Co. a piece of real property located in Grant County, Oregon, and received from C. A. Johns, the attorney for said Red Boy Mining & Milling Co., in cash and drafts, the agreed price thereof, which was and is $2,000; that immediately thereafter said defendant, who is by occupation a miner, has worked at his occupation as a miner, receiving therefor on an average of not less than three dollars a day; that defendant's family consists of a wife and no children, and that during the time the defendant has been working at different mines and receiving good wages therefor, his wife has been keeping boarders and receiving pay therefor, and assisted in making the defendant a living; that no satisfactory explanation has been made as to what has been done with said $2,000, or the wages received by the defendant for his labor, and which he has earned since May —, 1902. I therefore find that the defendant, G. H. Gutridge, at this time is the owner of and in possession of $2,000 in money in Grant County, Oregon, which said money is liable to the execution upon the judgment herein.

"As conclusions of law, I find that the defendant, G. H. Gutridge, be required to pay said $2,000, or as much thereof as may be necessary to satisfy the said judgment, and costs and disbursements taxed at $149.30, within 15 days from the entry of judgment herein.

"Morton D. Clifford, Circuit Judge."

To this affidavit a motion to dismiss was interposed, on the ground, among others, that it does not state facts sufficient upon which to base contempt proceedings, which being overruled,

defendant answered, setting up again the prior proceedings upon which the present are based, and, issues being fully tendered, the court rendered judgment as first herein indicated.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. A. D. Leedy*.

For respondent there was a brief and an oral argument by *Mr. Patrick J. Bannon*.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The cardinal and essential question presented by this record is whether there was ever any order or judgment rendered by the circuit court, in the proceedings supplemental to execution, directing or requiring the defendant to apply sufficient of the $2,000 found to be in his possession in payment of the Thornburg judgment to satisfy it. If there was no such order or judgment made or rendered, it is self-evident that there could be no contempt for disobeying it. The alleged judgment having been made a part of the affidavit, we are thus enabled to determine from the record whether it is such as is claimed for it. The question was raised by the motion, and was not waived by the answer, which presents it again, because it goes to the want of facts sufficient upon which to base the proceeding.

1. It is perfectly clear that the matters of record relied upon as constituting a final order or judgment in the cause are not such, either in legal effect, or by intendment of the court or judge. They consist of the findings of the court merely, which were not followed by any order affecting a substantial right of the defendant in the proceeding. After reciting certain facts, as will be seen, the court proceeds:

"I therefore find that the defendant, G. H. Gutridge, at this time is the owner of and in possession of $2,000."

This further appears:

"As conclusions of law I find that the defendant, G. H. Gutridge, be required to pay said $2,000, or as much thereof as may be necessary to satisfy the said judgment, and costs and disbursements taxed at $149.30, within 15 days from the entry of judgment herein."

The first was perhaps intended as a finding of fact, but, be that what it may, the last was evidently designed as a conclusion of law. It is so styled, and the purpose manifestly was that it should be followed by a final order or judgment, the conclusion being that Gutridge be required to make the designated application of the money within 15 days "after entry of judgment herein," not after the entry of "this judgment," as would most likely have been the case if it had been thought that the conclusion was in reality a judgment or order of the court. The statute requires that, upon the trial of an issue of fact by the court, its decision shall be given in writing, which shall state the facts found and the conclusions of law separately. These, again, are required to be entered in the journal, and judgment is rendered thereon and in accordance therewith : B. & C. Comp. § 158. This statute has generally been followed in practice, and there is but little doubt that the trial court intended that its findings should be followed by an order or judgment directing that the money which it found to be in the possession of the defendant should be applied in payment of the Thornburg judgment against defendant, but for some reason it was not done, and none, so far as the record shows, was ever made or entered. We conclude, therefore, that the affidavit is insufficient to support the contempt proceeding.

2. There is another reason back of this one, going to the utter disparagement of the affidavit. The finding that Gutridge was in possession of $2,000 at the time it was made is not deducible from the findings of fact upon which it is based. It should be premised that the court made its findings nearly 10 months after the referee reported the testimony, which was more than a year after he was appointed to take it. The result, with the deductions, are, in brief, that in May, 1902, defendant sold a piece of real property, and was paid $2,000 therefor; that he has since been receiving three dollars a day; that he has a wife, but no children; that his wife has been keeping boarders for pay, while he has been working; and that no satisfactory explanation has been made as to what has been done with the said $2,000 and the wages received; ergo, that he had the $2,000 in his pos-

session at that time—that is, when the findings were rendered. In the case of *Hammer* v. *Downing,* 41 Or. 234 (66 Pac. 916), the disputable presumption that a thing once proved to exist continues as long as is usual with things of that nature* was invoked in aid of the finding that the defendant still had in his possession a sum of money that he was shown to have had three months previous, and it was held to be unavailable. If unavailing there, how much less would be its utility in support of the finding here; so that, had there been a final order following the findings—that is, a judgment or order based thereon—it would not have supported the proceeding for contempt, and such is the doctrine of *Hammer* v. *Downing.*

Based on these considerations, the judgment of the circuit court will be reversed, and the cause remanded with directions to dismiss the proceeding and discharge the defendant.

REVERSED.

---

*B. & C. Comp. § 788, subd. 33.