The judgment of the circuit court will be reversed, and the cause remanded for such further proceedings as may seem proper.

REVERSED.

Argued 31 January, decided 27 March, 1905.
**THORNBURG *v.* GUTRIDGE.**
80 Pac. 100.

APPEALABLE ORDER—ENTERING FINDINGS.

1. An order entering findings of fact and a conclusion that one of the parties is entitled to a certain judgment is not a final order under Section 547 of B. & C. Comp.

ACTION BY COURT SUA SPONTE—DISMISSING APPEAL.

2. Where it appears that the court has not jurisdiction over a cause, as, because the appeal has been taken from an intermediate order, it should dismiss the proceeding on its own motion, though the objection is not urged.

From Grant: MORTON D. CLIFFORD, Judge.

Proceedings supplementary to execution by Grant Thornburg against G. H. Gutridge. From a judgment for plaintiff, defendant appeals.                                        DISMISSED.

For appellant there was a brief and an oral argument by *Mr. A. D. Leedy.*

For respondent there was a brief and an oral argument by *Mr. Patrick J. Bannon.*

PER CURIAM. 1. This appeal is from certain findings of fact and a conclusion of law rendered in a proceeding supplementary to execution, upon which no final order or judgment was ever given or entered. For a sufficient statement of the facts, see *State ex rel. v. Gutridge,* 46 Or. 215 (80 Pac. 98), where they are set out and their effect determined. The appeal is prosecuted by the defendant, but it cannot be maintained, because not from a final order affecting a substantial right: B. & C. Comp. § 547. The circuit court did not proceed far enough. It has made its findings, but has omitted the essential feature that affords the requisite basis for an appeal, namely, the judgment or final order. While the proceeding is thus suspended, no appeal will lie.

2. The point was not made at the hearing, nor was a dismissal of the appeal urged on account of it, but is so apparent from a

mere inspection of the record that this court will direct a dismissal upon its own motion.

An order will therefore be entered accordingly.

APPEAL DISMISSED.

Argued 15 March, decided 28 April, rehearing denied 29 May, 1905.

## STATE v. WILLIAMS.

### 80 Pac. 655.

HOMICIDE—KIND OF PROOF OF CORPUS DELICTI REQUIRED.*
The death of the person alleged to have been killed is a necessary element in a prosecution for homicide, and must be established either by direct testimony or by circumstantial evidence of the most convincing nature. No general rule as to sufficiency can be stated, except that the best evidence obtainable should be produced, each case being dependent upon its particular circumstances.

From Wasco : W. L. BRADSHAW, Judge.

Norman Williams, informed against as Daniel Norman Williams, was convicted of murder, and appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Henry E. McGinn.*

For the State there was a brief and an oral argument by *Mr. Andrew M. Crawford,* Attorney General, *Mr. Frank Menefee,* District Attorney, and *Mr. Fred W. Wilson.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an appeal from a judgment of death against the defendant for the murder of Alma Nesbitt. The only question is whether there was sufficient proof on the trial that she is dead. No evidence was offered by the defense. The facts, as shown by the prosecution, are that in May, 1899, Miss Nesbitt left her home and relatives in Iowa, and came, a stranger, to Oregon, with the defendant, to whom she was then engaged, with the avowed purpose of taking up a homestead adjoining the one belonging to him, with the understanding that they each should obtain title to their land, and then be married, thus consolidating the two homesteads. Arriving in Oregon about the last of May, Miss Nesbitt settled upon 160 acres of land adjoining that occupied by Williams in the mountains about 20 miles from Hood

*NOTE.—See extended collection of authorities in 68 L. R. A. 33-80, under the title, Proof of Corpus Delicti in Criminal Cases, with a note on the same subject in 91 Am. St. Rep. 24.        REPORTER.