[No. 1737.]

THE STATE OF NEVADA, EX REL. CHARLES H. BOTSFORD, RELATOR, v. FRANK P. LANGAN, DISTRICT JUDGE OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF NEVADA, RESPONDENT.

1. MANDAMUS—OTHER ADEQUATE REMEDY. *Mandamus* will not lie where there is a plain, speedy, and adequate remedy, by motion to dismiss an appeal, for determination of the same matter.

2. APPEAL—APPEALABLE ORDER. An appeal from an order setting aside a default entered by the clerk is not within the cases in which section 330 of the civil practice act provides that an appeal may be taken, and therefore *mandamus* will not lie.

MANDAMUS by the State, on the relation of Charles H. Botsford, against Frank P. Langan, District Judge of the District Court of the First Judicial District of the State of Nevada, Esmeralda County. **Dismissed**.

The facts sufficiently appear in the opinion.

*Hall, Thayer & Steele*, and *C. L. Harwood*, for Relator:

I. The order entered June 29th annulling the default entered June 12th is not appealable. The statutes of this state authorize no appeal from an order of this kind, and of course if there is no provision of law giving a right of appeal, no right exists. (Comp. Laws, 3425; Practice Act, 330.) The case which we cited on the argument (*Rauer's Law and Collection Co.* v. *Standley*, 84 Pac. 214) is precisely in point both as to the facts which gave rise to the action of the court and as to the provisions of the statutes of California involved in the case. We really do not know how to say anything more on this subject. It seems to us to be one of those propositions that is so plain from the reading of the section of the practice act above referred to that nothing can be said, and we were surprised to find the California authority above cited. As we stated on the argument, it is clear to us, and we think must be apparent to the court, that this appeal was taken after the notice of motion was served to vacate the injunction granted in this case for no other purpose than to hinder and delay the defendant Botsford in securing the vacation or modification

of the injunction order which was tying up his property. Indeed, it is so apparent that this appeal is absolutely without merit, and was taken for no other purpose than to hinder and delay the respondent, that we hereby formally ask this court, pursuant to Comp. Laws, 3434, to add to the costs in this case damages to the full amount of the bond in the sum of five hundred dollars which was given on this appeal.

II.     We refer to the following authorities where the court had dismissed the appeal, either on its own motion or upon intimation of counsel, formally, because the court had no jurisdiction: *Bienenfield* v. *Fresno Milling Co.*, 82 Cal. 425; *Thrall* v. *Fairbrother*, 1 Kan. App. 482; *Groves* v. *Richmond*, 58 Iowa 54; *Hart* v. *Burch*, 31 Ill. App. 22, affirmed in 130 Ill. 426. See especially the cases holding that appeal from a nonappealable order should be dismissed by the appellate court on its own motion. (*Thornburg* v. *Gutridge*, 46 Or. 286; *Sweet* v. *Dow*, 1 Root, 409; *Savings Association* v. *Aherns*, 50 Minn. 332; *Garczynski* v. *Russell*, 27 N. Y. Supp. 461; *Wilcox* v. *Wilcox*, 63 Vt. 137.) A great number of cases, including those above cited, are collected in 3 Cent. Digest, col. 970, par. 3138, and following. See, also, *Bullock* v. *Taylor*, 112 Cal. 147, where it is held that when in any manner it is suggested that the court is without jurisdiction it may dismiss an appeal of its motion. To the same effect is *Cline* v. *Bingham County*, 60 Pac. 76, and see *Sipple* v. *City of Parsons*, 52 Pac. 95, where it is held that, although the question of jurisdiction in the appellate court is not raised by either party, the court will dismiss the case of its own motion when the want of jurisdiction is manifest.

*Detch, Carney & Stevens*, for Respondent.

By the Court, SWEENEY, J.:

This is an application for a writ of *mandamus* against Frank P. Langan, District Judge of the First Judicial District of the State of Nevada, for the purpose of compelling him to hear a motion to dissolve or modify an injunction or increase the injunction bond in the case now pending in the

District Court of the First Judicial District of the State of
Nevada in and for the County of Esmeralda, entitled *L. C.*
*Van Riper, and Joseph H. Hutchinson, Plaintiffs,* v. *Charles*
*H. Botsford, James Davis, J. P. Loftus, and James· Davis,*
*doing business under the firm name and style of Loftus &*
*Davis, Goldfield Mohawk Mining Company, Goldfield Consol-*
*idated Mines Company, Combination Mines Company, George*
*S. Nixon, and George Wingfield, Defendants.*

It appears from the record in this case that the plaintiffs
filed a complaint against the above-named defendants for the
purpose of recovering from said defendants a two-thirds
interest in 100,000 shares of the capital stock·of the Goldfield
Consolidated Mines Company of Nevada of the approximate
value of half a million dollars.    Upon filing of the complaint,
an injunction was secured from the district court on a bond
in the sum of $15,000, enjoining the defendants from deliver-
ing to their codefendant Botsford the said stock in question
until the determination of this suit.    Upon the petition of
the defendant Botsford for the removal of said cause to
the Circuit Court of the United States in and for the Ninth
District of Nevada, the district court of Esmeralda County
remanded said case to said United States Circuit Court on or
about the 1st day of February, 1907, and thereafter, to wit,
on the 12th day of June, 1907, the said United States Cir-
cuit Court remanded said cause back to the said district
court in and for Esmeralda County for trial.

Subsequent to February 1, 1907, when said order of removal
was made from the said state court to the United States Circuit
Court and prior to June 12, 1907, when the order remanding
said cause from said United States Circuit Court back to said
district court was entered, to wit, on the 6th day of March,
1907, and while said cause was pending on removal in said
United States Circuit Court, the plaintiffs caused to be issued
an alias summons out of the said state court, and caused said
alias summons to be served by the sheriff of Esmeralda
County upon said Charles H. Botsford, the relator herein,
on or about the 7th day of March, 1907, and on the 12th day
of June, 1907, the plaintiffs, through their attorneys, caused

the default of said Charles H. Botsford and others of the defendants to be entered by the clerk of the said district court of Esmeralda County.

On or about the 7th day of June, 1907, said Charles H. Botsford filed in said cause in said state district court a motion to vacate and set aside said default, and on the 29th day of June, 1907, after hearing arguments upon said motion, Judge Langan, district judge of said state court, entered an order vacating and setting aside the said default, and thereafter, to wit, on the 6th day of August, 1907, plaintiffs perfected an appeal to this court from said order setting aside said default.

Upon the 2d day of August, 1907, the relator herein, through his attorneys, served upon the attorneys for said plaintiffs Van Riper and Hutchinson a notice that on Monday, the 12th day of August, at the county court house of Lyon County, Nevada, at the Town of Dayton, in said county, they would apply to the Honorable F. P. Langan, the respondent herein, Judge of the First Judicial District Court aforesaid, to hear a motion to dissolve or modify the injunction theretofore granted in said cause, or to increase the bond of the injunction theretofore issued, and on said date attorneys for said plaintiffs appeared and entered a protest against proceeding with the motion to dissolve or modify the injunction or to increase the bond for the injunction, and the said district court, after considering the said protest, declined to proceed, and refused to hear the said hearing or entertain the same in any way, and announced that, during the pendency of the appeal from the order vacating and setting aside the default, he would not proceed with said motion or any motion of like character.

Upon the hearing of the application for a writ of *mandamus* in this court, counsel for the plaintiffs appeared and demurred to the sufficiency of the petition, and further moved to dismiss the application of relator for a writ of *mandamus* upon the ground that the defendants had a plain, speedy, and adequate remedy at law. Upon the overruling of the demurrer as to the sufficiency of the petition, counsel for relator moved that the appeal of plaintiffs in the case entitled *L. C. Van*

*Riper and Joseph H. Hutchinson* v. *Charles H. Botsford, et al.*, be dismissed because of want of jurisdiction in this court to determine an appeal from an order vacating or setting aside a default entered by the clerk, and moved that said case on appeal herein be placed on the calendar, and they then and there served notices upon counsel for the plaintiffs Van Riper and Hutchinson, and asked a continuance of the case for eight days, and moved that time for service of notice of said application to have said case placed on the docket and notice of motion to dismiss said appeal on the ground aforesaid be shortened to eight days from then, at which time both parties agreed to argue said motions to dismiss the application for a writ of *mandamus* and the appeal.

Stripping the application for a writ of *mandamus* and the motion to dismiss said appeal of their immaterial points raised, the real decisive question involved in the merits of this application for a writ of *mandamus* and motion to dismiss said appeal is whether or not an appeal lies to this tribunal from an order setting aside or vacating a default entered by the clerk. As the motion to dismiss the appeal raises the same point, to wit, as to whether or not an appeal which is granted at this time in the case of *Van Riper, et al.* v. *Botsford, et al., infra,* lies from an order setting aside or vacating a default entered by the clerk, as is desired and attempted to be accomplished through the means of the extraordinary writ of *mandamus*, applied for by relator, it is plain that relator has a plain, speedy, and adequate remedy at law which is now effective in his favor, and for this reason the application for a writ of *mandamus* is hereby ordered dismissed.

The sole question to be determined now before the court is whether or not an appeal lies to this court from an order setting aside or vacating a default entered by the clerk. Section 3425 of the Compiled Laws, being section 330 of the civil practice act, relating to appeals in civil actions, reads as follows: "An appeal may be taken: First—From a final judgment in an action, or special proceedings commenced in the court in which the judgment is rendered, within one year after the rendition of the judgment. Second—From a

judgment rendered on an appeal from an inferior court, within ninety days after the rendition of the judgment. Third—From an order granting or refusing a new trial, from an order granting or dissolving an injunction, and from an order refusing to grant or dissolve an attachment, and from any special order made after the final judgment, within sixty days after the order is made and entered in the minutes of the court. Fourth—From an interlocutory judgment or order in cases of partition which determines the right of the several parties, and directs partition, sale, or division to be made, within sixty days after the rendition of the same."

An appeal to this tribunal is a matter purely of statutory right, and, unless authorized by statute, any attempted appeal taken from an order not appealable is void, and therefore could not confer any jurisdiction upon this court to act. It is clear that, where an order is nonappealable, no jurisdiction can be conferred on or entertained by this court by the perfecting of an attempted appeal. Under our construction of the statute above quoted regarding appeals, we are of the opinion that the order in question from which the appeal in the present case is attempted is nonappealable. (*Rauer's Law and Collection, Co., Inc.*, v. *Standley*, 84 Pac. 214; *Jordan* v. *Hutchinson*, 39 Wash. 373, 81 Pac. 867; *Bowen* v. *Webb*, 34 Mont. 61, 85 Pac. 739; *Thornburg* v. *Gutridge*, 46 Or. 286, 80 Pac. 100; *Burbank* v. *Rivers*, 20 Nev. 81, 16 Pac. 430.)