Argued June 16, reversed June 27, 1916.

## WEIGAR v. STEEN.

(158 Pac. 280.)

**Appeal and Error—Review—Findings of Fact.**

1. Upon an appeal from a cause tried to the court without a jury, the evidence will be reviewed only to ascertain if it is competent to support the findings, which will be sustained unless the evidence is insufficient as a matter of law, to support them.

**Evidence—Presumptions—Statute.**

2. Under Section 799, subdivision 33, L. O. L., providing that a thing once proved to exist continues as long as is usual with things of that nature, evidence that defendant was in possession of a sum of money two years prior to the supplemental proceedings, which does not show how long it is usual for such persons or anyone to retain a sum of money, is not aided by the disputable presumption declared by the statute, nor is it sufficient to show that defendant had the money until the time of the proceeding.

[As to presumption of continuance, see note in 50 Am. Rep. 297.]

From Coos: JOHN S. COKE, Judge.

In Banc. Statement by MR. JUSTICE BEAN.

This is an action by H. B. Weigar against Dan Steen. The appeal is by defendant from an order in proceedings supplemental to execution, requiring him to pay a balance of $800.44 on a judgment rendered September 20, 1915. On January 12, 1914, plaintiff filed in the Circuit Court his affidavit for an order for the examination of the defendant in supplemental proceedings under the provisions of Section 253, L. O. L. The order was served on the latter January 13, 1914, but no hearing was had, and on November 10, 1914, a new affidavit for the examination of the defendant was filed. Hearing was had, and on February 3, 1915, he was ordered to pay the judgment.

REVERSED.

For appellant there was a brief over the names of *Mr. Oliver P. Coshow* and *Mr. J. J. Stanley,* with an oral argument by *Mr. Coshow.*

For respondent there was a brief over the names of *Mr. Walter Sinclair* and *Mr. A. H. Blachley,* with an oral argument by *Mr. Sinclair.*

MR. JUSTICE BEAN delivered the opinion of the court.

The evidence consists largely of that of defendant Steen and the plaintiff, supplemented by the deposition of the cashier of the Douglas National Bank of Roseburg, regarding the defendant's bank account. It tends to show that the defendant, Dan Steen, sold a quarter-section of land in November, 1912, for $6,000, and deposited $5,300 in the bank, making, together with the deposits he then had, $5,970.60. Various sums were withdrawn from the bank at different dates and on March 20, 1913, defendant drew out $5,570.60. On August 26th of that year the balance remaining was $991.85, and on December 6th, $81.85, which amount was attached by plaintiff in the original action. At the time of the hearing the defendant swore that he had no money or credit with which to satisfy the balance of the judgment; that the money had been spent in various ways. The Code provides that:

At such a hearing "either party may examine witnesses in his behalf, and if by such examination it appear that the judgment debtor has any property liable to execution, the court or judge before whom the proceeding takes place * * shall make an order requiring the judgment debtor to apply the same in satisfaction of the judgment": Section 254, L. O. L.

1. Exception is taken by defendant to the introduction of immaterial evidence. Upon an appeal from a cause tried to the court without a jury, the evidence will be reviewed only to ascertain if it is competent to support the findings: *Eugene* v. *Lowell,* 72 Or. 237 (143 Pac. 903). Findings of fact have the same force as the verdict of a jury, and will be sustained unless the evidence is insufficient as a matter of law to support them: *Norman* v. *Ellis,* 74 Or. 168 (143 Pac. 1112); *Smith* v. *Hurley,* 73 Or. 268 (143 Pac. 1123).

2. It is contended by counsel for defendant that the evidence is insufficient to support the findings. The possession of $5,970.60 by defendant on November 29, 1912, which amount had been reduced to $991.85, August 26, 1913, about two years prior to the supplemental proceedings in this case, is not sufficient to show that the defendant had a certain sum of money on November 28, 1914, the date of the service of the order herein, or thereafter, at the time of the hearing of the cause, February 3, 1915. The disputable presumption declared by subdivision 33 of Section 799, L. O. L., that "a thing once proved to exist continues as long as is usual with things of that nature," does not aid the evidence or show that defendant retained the money during the lapse of time mentioned. The testimony does not show how long it is usual for persons like the defendant or anyone to retain a certain sum of money. This principle is thoroughly discussed and plainly enunciated in *Hammer* v. *Downing,* 41 Or. 234 (66 Pac. 916), and in *State ex rel.* v. *Gutridge,* 46 Or. 215 (80 Pac. 98), and needs no further elucidation. There was no competent evidence introduced upon the hearing of this cause to show that Dan Steen, the

debtor, had any money or property liable to execution at the time of the hearing or when the order was made.

The judgment of the lower court will be reversed.

REVERSED.

MR. JUSTICE HARRIS not sitting.

MR. JUSTICE EAKIN absent.

---

'Argued June 13, affirmed June 27, 1916.