Argued at Pendleton November 2, affirmed December 20, 1921.

# HUNT *v.* FIRST NATIONAL BANK OF HALF-WAY.

### (202 Pac. 564.)

**Trover and Conversion—"Conversion" Defined.**

1. "Conversion" is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, such as a tortious taking of another's chattels or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time.

**Trover and Conversion—Allegation of Ownership Essential.**

2. Under Section 67, Or. L., requiring a complaint to contain a plain and concise statement of facts constituting the cause of action, plaintiff in an action for conversion must allege some kind of property in himself at the time of conversion.

**Pleading—Statute as to Continued Existence of Proved Fact Construed as Stating Rule of Evidence, and not of Pleading.**

3. Section 799, subdivision 33, Or. L., stating that a thing once proved to exist continues as long as usual with things of that nature, states a rule of evidence, and not of pleading.

**Trover and Conversion—Allegation of Ownership Held Insufficient.**

4. In an action for conversion of bonds, a complaint alleging that on November 19th plaintiff was the owner and possessed the bonds, and that on or about December 16th defendant converted them, does not sufficiently allege that the ownership of the property was in plaintiff at the time of conversion.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. William Smith.*

For respondent there was a brief and oral argument by *Mr. Charles J. Shelton.*

BURNETT, C. J.—The essential allegations of the complaint in this action are as follows:

"That heretofore, to wit, on or about the 19th day of November, 1919, plaintiff was the owner and possessed of four United States Liberty and Victory bonds of the par value of $350, which he then and there delivered to said defendant at its request.

"That thereafter, to wit, on or about the 16th day of December, 1920, defendant converted said bonds and each and all thereof to its own use, and that said bonds were then and there of the actual market value of $339.15.

"That on said December 16, 1920, defendant parted with the possession of said bonds and all thereof."

The plaintiff appealed, having stood upon his complaint, to which the Circuit Court sustained a general demurrer.

1. Conversion is thus defined:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time."

2. As between the parties to an action based on conversion, the plaintiff must allege a property in himself, otherwise there would be nothing of which conversion could be predicated for him. No one has a cause of action for the conversion of the property of another. He must aver property in himself, to which the act of conversion is applicable at the time. It is not enough that the plaintiff at some time owned the property. To support his action he must allege some kind of property in himself at the time the act of conversion was performed: *Kennett* v. *Peters,* 54 Kan. 119 (37 Pac. 999, 45 Am. St. Rep. 274, and note); *Raymond* v. *Blancgrass,* 36 Mont. 449 (93 Pac.

648, 15 L. R. A. (N. S.) 976). As said in *Miller* v. *Hirschberg,* 27 Or. 522 (40 Pac. 506):

"The action of trover is founded on the right of property, general or special, and right to the possession in plaintiff, and possession and an unlawful conversion by defendant. The material averments in an action of this character are ownership and right to the possession in plaintiff, and that the defendant wrongfully took and converted the property in question to his own use, or that, being lawfully in possession thereof, he so converted it."

This language is quoted with approval in *Austin* v. *Vanderbilt,* 48 Or. 206 (95 Pac. 519, 120 Am. St. Rep. 800, 10 Ann. Cas. 1123, 6 L. R. A. (N. S.) 298, note).

The all-important, vital element is property in the plaintiff and must be directly alleged, if he would have a sufficient complaint. This is necessary to the "plain and concise statement of facts constituting the cause of action," required by Section 67, Or. L., describing the essentials of a complaint.

3. Much reliance is placed by the plaintiff upon the presumption that "a thing once proved to exist continues as long as usual with things of that nature": Or. L., § 799, subd. 33. We cannot say that it is usual for one to continue to be the owner of personal property for any particular length of time, so as to apply the presumption mentioned. It is one thing to plead a fact. It is quite another thing to rely upon a presumption which might be admitted in evidence to establish that fact. The presumption mentioned is a rule of evidence, not of pleading. If the plaintiff would enjoy the benefit of the presumption, he must state in his pleading a fact for the proof of which he might rely upon the presumption.

4. The complaint in question is quite consistent with the hypothesis that the plaintiff owned the bonds on November 19, 1919, and afterwards sold them to some third party, to whom they belonged at the time of the alleged conversion on December 16, 1920: *Hammer* v. *Downing,* 41 Or. 234 (66 Pac. 916); *State ex rel.* v. *Gutridge,* 46 Or. 215 (80 Pac. 98); *State* v. *Rider,* 78 Or. 318 (152 Pac. 497); *Weigar* v. *Steen,* 81 Or. 72 (158 Pac. 280). Although these precedents do not treat of conversion, yet they teach that no presumption of continuance attends the ownership of personal property.

The Circuit Court was right in sustaining the demurrer and dismissing the action. Its judgment is affirmed.                                    AFFIRMED.