IN BANC.
Plaintiff alleges:
"That the defendants are public warehousemen, conducting a public warehouse in Crane, Oregon, under the firm name of Mullen-Fiser Co., where the defendants receive goods, wares and merchandise for storage for hire.
"That on the 20th day of June, A.D. 1921, at Crane, Ore., the defendants in consideration of the payment to them of ten cents per hundred pounds, agreed to
See 26 R.C.L. 1129. *Page 550 
keep in their warehouse 29 sacks of wool containing 10327 lbs. of wool and to deliver same to plaintiff on payment of the storage charges accrued.
"That thereupon the plaintiff deposited with the defendants 10327 lbs. of wool and that the defendants duly issued to the plaintiff their warehouse receipt for said 10327 lbs. of wool.
"That on the 8th day of July the plaintiff requested the defendants in writing to ship said wool to Portland and tendered him the full amount of storage due thereon, but that the defendants refused to ship said wool or deliver same to the plaintiff, to the damage of the plaintiff in the sum of $1,755.59."
Defendants admit that they operated a public warehouse at Crane, Oregon, under the firm name of Mullen-Fiser Co., but deny the rest of the allegations of the amended complaint. As an affirmative defense and by cross-bill in equity it is, in brief, alleged that the Live Stock State Bank, a corporation, of Portland, Oregon, ever since May 10, 1921, has been and is now the owner and entitled to the possession of the wool in question; that the appellant on June 20, 1921, falsely and fraudulently represented that he was the owner of the wool and exhibited to respondents a written order signed by James Paul directing them to "weigh up 10,000 pounds of my wool to Mr. I. Weinstein," and thereby wrongfully caused respondents to issue a warehouse receipt as alleged; that prior to the issuance of such receipt, to wit, on May 10, 1921, James Paul and wife executed and delivered a bill of sale to the Live Stock State Bank covering a large band of sheep and including the wool described in the amended complaint — all of which was known to appellant, but unknown to respondents; that the truth as to the ownership of such wool was not discovered by respondents until June 26, 1921, whereupon *Page 551 
demand was made of Weinstein to surrender the receipt issued.
On the issues thus stated the trial court made findings of fact in part as follows:
"That on or about the 20th day of June, 1921, there was delivered to the said defendants at Crane, Oregon, 29 sacks of wool containing 10,327 pounds, and that the said wool was claimed by the plaintiff I. Weinstein by virtue of an order from James Paul to the said I. Weinstein, bearing date of June 24, 1921.
"That the said wool above described was sheared from sheep that had been the property of James Paul, but were at said time in the possession of C.H. Leonard as trustee, and were covered by the mortgage hereinafter mentioned. * *
"That on the 30th day of December, 1920, James Paul executed to the Portland Cattle Loan Company, a mortgage covering all the sheep * * together with other property, and this mortgage also covered all increase of the said sheep and all accretions thereof and also providing that it should `cover all wool growing thereon or cut therefrom during the life of this mortgage.'
"That the said mortgage executed to the Portland Cattle Loan Company was assigned to the Live Stock State Bank of Portland, which was at the date of the complaint herein the owner and holder thereof.
"That on the 10th day of May, 1921, James Paul and wife executed to C.H. Leonard as trustee for the Live Stock State Bank of Portland, a bill of sale, covering the entire band of sheep of the vendors * * and the wool thereon as provided for in the mortgage of the Live Stock State Bank, and this bill of sale covered other property, and that the said C.H. Leonard was immediately let into the possession of the said sheep under the said bill of sale. * *
"That on or about the 24th day of June, 1921, James Paul executed an order as follows: *Page 552 
"`Mullen-Fiser Co., "`Crane, Oregon.
"`This will be your authority to deliver all my wool, 71 sacks, to Live Stock State Bank of North Portland, Oregon, disregarding any order that I may have given in favor of I. Weinstein.
"`(Signed) JAMES PAUL.'
 "`Witnesses: "`C.N. LEONARD, "`CARLTON F. SWIFT.' * *
"That the order under which I. Weinstein claimed the said 10,327 pounds of wool was executed on or about June 20, 1921, and was in words and figures as follows:
"`Mullen-Fiser Co., "`Crane, Oregon.
"`Dear Sirs:
"`Please weigh up 10,000 pounds of my wool to Mr. I. Weinstein.
"`(Signed) JAMES PAUL.'
"That the said wool was grown upon and sheared from the sheep covered by the mortgage to the Portland Cattle Loan Co. assigned to the Live Stock State Bank.
"That Mullen-Fiser Co., disregarding the said Weinstein order, delivered the said wool to Mr. W.R. Craven as a representative of the Live Stock State Bank, and that this action was brought to recover the value thereof.
"That the mortgage of December 31, 1920, from James Paul to the Portland Cattle Loan Co. and assigned to the Live Stock State Bank of Portland, Oregon, was duly recorded in the Chattel Mortgage Records of Harney County, Oregon, and was a valid lien upon the sheep therein described, and upon the wool in controversy herein."
Based on such findings it was decreed that plaintiff's cause be dismissed and that respondents recover their costs and disbursements. Plaintiff appeals.
AFFIRMED. *Page 553 
Does the amended complaint state a cause of action in conversion? Giving every reasonable intendment in its favor, we are constrained to hold that it does not: Johnson v. OregonSteam Nav. Co., 8 Or. 35; Hunt v. First National Bank ofHalfway, 102 Or. 398 (202 P. 564). It is fatally defective in that there is an absolute failure to allege plaintiff's ownership of the wool at the time of the commencement of the action or that respondents wrongfully converted the same to their own use. If plaintiff owned the wool, and defendants refused to deliver possession of it upon surrender of the warehouse receipt, they would be liable in an action for conversion, but such does not appear either by direct averment or reasonable inference. As stated in Austin v. Vanderbilt, 48 Or. 206 (85 P. 519, 120 Am. St. Rep. 800, 10 Ann. Cas. 1123, 6 L.R.A. (N.S.) 298); quoting from Miller v. Hirschberg, 27 Or. 522 (40 P. 506):
"`The material averments in an action of this character are ownership and right to the possession in plaintiff, and that the defendant wrongfully took and converted the property in question to his own use, or that, being lawfully in possession thereof, he so converted it.'"
Ultimate facts, and not evidence, should be pleaded. An allegation that plaintiff is the owner and entitled to the immediate possession of the wool, *Page 554 
and that defendants wrongfully converted the same to their own use to plaintiff's damage in a certain sum, contains the essence of an action in conversion.
Having reached the conclusion that the complaint is fatally defective, it is really not necessary to proceed further; but, after an examination of the record, we do not hesitate to say that the weight of the evidence is in keeping with the findings of the trial court. The decree dismissing this action is therefore affirmed.
AFFIRMED.