Argued February 11; appeal dismissed April 22, 1941

## MASLOV *v.* CROATIAN FRATERNAL UNION OF AMERICA

(112 P. (2d) 467)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*Robert J. Creamer* and *V. E. Harr*, both of Portland, for appellant.

*F. C. McDougal* and *E. L. McDougal*, both of Portland, for respondent.

KELLY, C. J. On February 11, 1941, this case came on for hearing, whereupon the court called attention to the fact that plaintiff was attempting to appeal from an instruction of the trial court to the jury withdrawing the first cause of action in plaintiff's amended complaint from the consideration of the jury; and sug-

gested that such instruction does not constitute an appealable judgment.

Counsel for plaintiff-appellant asked to be permitted to file a brief upon the question and such permission was granted. Defendant-respondent was granted permission to file an answering brief. These briefs have been filed.

There were but two causes of action stated in plaintiff's amended complaint. A verdict in favor of plaintiff was rendered upon his second cause of action and a judgment was entered upon the verdict. It is stated in plaintiff's brief and repeated in defendant's last brief that this judgment has been paid in full and discharged. No other judgment appears in the record.

Omitting the title of the cause and the names of the signatories, plaintiff's notice of appeal herein is as follows:

"To the Croatian Fraternal Union of America, a corporation, defendant and E. L. McDougal and F. C. McDougal, its attorneys of record herein: You and each of you will please take notice that Ivan Maslov, plaintiff herein, does hereby appeal from that certain order and instructed verdict of this court, withdrawing plaintiff's first cause of action herein from the consideration of the jury on November 13, 1939, which cause of action was in the sum of $1560.00 and interest thereon, and this plaintiff does appeal from said order and instructed verdict and each and every part thereof, from the Circuit Court of the State of Oregon for Multnomah County to the Supreme Court of the State of Oregon."

It will be observed that this notice makes no mention of, or reference to, any judgment whatever; but is a notice that plaintiff appeals from an order and instructed verdict, the order being one withdrawing plaintiff's first cause of action from the jury. Upon this

order no judgment has been rendered, and the judgment actually rendered, as stated, has been paid and discharged.

In his supplementary brief, plaintiff cites *White v. East Side Mill Co.*, 84 Or. 224, 231, 161 P. 969, 164 P. 736. The question there discussed was whether a proper or effective extension of time to file its transcript on appeal had been granted to defendant.

Plaintiff also cites *Wolfer v. Hurst*, 47 Or. 156, 158, 80 P. 419, 82 P. 20, 8 Ann. Cas. 725. That case presented the question whether a right of appeal exists from judgments rendered in actions of forcible entry and detainer and whether the required undertaking had been filed therein.

*Credit Service Co. v. Peters, et al.*, 116 Or. 138, 216 P. 742, is also cited by plaintiff. That case considered whether the appeal should be dismissed where the bill of exceptions was not filed with the transcript.

In *Fisher v. Portland Ry. L. & P. Co.*, 74 Or. 229, 137 P. 763, also cited by plaintiff, the holding was that a nunc pro tunc order of the trial court, by its terms annulling a judgment and entering a new one, after an appeal had been taken from the original judgment, is not ground for dismissal of the appeal where it appears that the effect of such nunc pro tunc order was only to show the real determination of the cause as of the date of the original judgment, no verdict having been rendered against the defendant who was eliminated from the judgment by such nunc pro tunc order.

In *Taffe v. Smyth*, 62 Or. 227, 125 P. 308, also cited by plaintiff, the court held that under the provisions of Section 3 of Article 7 of the Oregon Constitution, as amended November 8, 1910, the omission of a finding of fact upon one of seven causes of action will not require

a reversal of the judgment against plaintiff. The question whether the judgment in that case was appealable was not presented.

Concededly, the only judgment rendered in the instant case has been paid and discharged. No judgment was rendered upon plaintiff's first cause of action. No judgment is mentioned in plaintiff's notice of appeal. In this state of the record, the doctrine of *Thornburg v. Gutridge*, 46 Or. 286, 80 P. 100, is controlling. In that case, there was an attempt to appeal from certain findings of fact and a conclusion of law. "The essential feature that affords the requisite basis for an appeal, namely, the judgment or final order" in the Thornburg-Gutridge case was absent. In the instant case, it is likewise absent. For that reason, the appeal is dismissed.