CONSOLIDATED BROADCASTING CORPORATION, Plaintiff and Appellant, *v.* JULIO M. CONESA, Defendant and Appellee.

No. 9150. Argued December 26, 1945.—Decided March 13, 1946.

*Gilberto López de Victoria* for appellant. *Pablo Defendini* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

This is an action to compel the specific performance of a contract, whereby the defendant agreed to sell a radio station together with its equipment, land, and buildings to the predecessor in interest of the plaintiff.

From the complaint and the evidence for the plaintiff it appears that at the time of the execution of the contract the defendant was married and that his wife did not give her consent thereto. At the close of the evidence for the plaintiff, the defendant presented a motion for nonsuit. The lower court sustained the motion and rendered judgment for the defendant on the ground that, as the property covered by the contract must be presumed to be community property and it consisted of real estate, the contract was invalid in the

absence of the wife's assent thereto. The plaintiff has appealed, and it urges that the lower court erred in deeming the property in question community property.

Section 1307 of the Civil Code (1930 ed.) provides that "All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife." The appellant argues that the presumption established by this Section does not arise until it is shown that the property was acquired during the marriage. In support of its contention it cites *Villarín* v. *Suárez*, 48 P.R.R. 936.

The cited case is inapposite. It held that where in an action by a divorced wife to annul a conveyance of real property made by her former husband, the complaint failed to allege that the property was community property, it did not state a cause of action. We then said:

"Section 1322 [1] states a presumption which might have availed plaintiff at a trial but does not dispense with the necessity of alleging the ganancial character."

As may be seen, that case merely holds that, where the community status of the property involved is essential to the cause of action, that fact must be *alleged*, even though in order to *prove* it, the party may resort to a presumption.[2] It neither limits nor even discusses the scope of the presumption as a rule of evidence.

On two previous occasions we have decided that the presumption as to community property established by § 1307 is applicable to property owned by either of the spouses during the marriage, even though it is not known whether the acquisition was made after the marriage had been contracted.

---

[1] Now § 1307, Civil Code, 1930 ed.

[2] See *Mahon* v. *Harney County Nat. Bank*, 104 Ore. 323, 206 Pac. 224; *Hunt* v. *First Nat. Bank of Halfway*, 102 Ore. 398, 202 Pac. 564; *Herzog* v. *Atchison, Topeka and Santa Fe R.R.*, 153 Cal. 496, 95 Pac. 898. But see contra *Kershaw* v. *Merchants' Bank*, 7 How. (Miss.) 386, 40 Am. Dec. 70; *Hitt* v. *Carr*, 77 App. 488, 130 N.E. 1.

*Cortés et al.* v. *Díaz et al.,* 31 P.R.R. 433; *Figueroa* v. *Registrar,* 24 P.R.R. 793.[3] In *Muñoz* v. *Heirs of López, ante,* p. 697, it was held that no foundation had been laid for the presumption, and it was stated that there was no proof that the property had been acquired during the marriage. That case, however, is not inconsistent with the other decisions which we have just cited, since it involved certain property held by a widow two years after the death of her husband, and it was not shown that the property had belonged to her or to her husband during the marriage. It is evident that the presumption established by § 1307 of the Civil Code applies only to property known to have belonged to the spouses during the marriage, and that was all we held in the case of *Muñoz* v. *Heirs of López, supra.*

An examination of the historical background of § 1307 tends to confirm the conclusion that it was the intention of the lawmaker to apply the presumption to all property owned by the spouses during the marriage, unless it is shown that by reason of its having been acquired before the marriage or for any other reason, it belongs to the separate estate of either one of the spouses. In the first place, we see that the Laws of the Partidas established the presumption that upon the death of the husband, all the money, clothes, or other things found in the possession of his widow were presumed to belong to the deceased.[4]

It should be noted that nothing is said in the Partidas as to the date of acquisition, and all the property found in the

---

[3] The ·same construction prevails in the Philippines. *Viloria* v. *Aquino,* 28 Phil. Rep. 258. California and Louisiana have reached a similar conclusion in interpreting analogous provisions. *Tarien* v. *Katz,* 216 Cal. 554, 15 P. (2d) 493; *Succession of Manning,* 107 La. 456, 31 So. 862; *Nores* v. *Carraby,* 5 Rob. (La.) 292; *Montegut* v. *Trouart,* 7 Martin O.S. (La.) 361.

[4] *Partida* III, tit. 14, law 2: " . . . And we moreover say, that if upon the death of the husband, money, clothes, or any other thing be found in possession of his wife, with whom he usually lived, and they be sued for by the heirs of the deceased, and the wife deny in court that they belonged to her husband, and claim them as her own, or as having some right to them; she will, in that case, be bound to prove what she alleges, and if she cannot, the whole ought to be delivered to the heirs of the deceased; . . . . "

possession of the wife at the time of the death of the husband is deemed to belong to him, it being incumbent on the wife to prove the contrary.

The presumption established by the *Partidas* was radically and expressly altered by the *Novísima Recopilación,* book 10, title 4, law 4, thus:

"Albeit the statement of the law that all things held by husband and wife are presumed to belong to the husband unless the wife shows they belong to her, the custom observed is to the contrary: that the property held by husband and wife belong to both in equal shares, except such as is shown to belong to each separately; and we ordain that this be observed as having the force of law."

Although according to the *Novísima Recopilación* the presumption is that the property of the spouses is community property, when formerly the presumption was otherwise, the basis for applying the presumption is the same, that is, the presumption is applied to "the property held by husband and wife," and it is said that under the *Partidas* "all the things held by husband and wife" were presumed to belong to the husband. In other words, the presumption both in the *Novísima Recopilación* and in the *Partidas* is applicable to all the property held or owned by the spouses during the marriage.

There is nothing in the language of § 1307 of our Code (§ 1407 of the Spanish Code) which would indicate an intention to limit the scope of the presumption as it appears in the *Novísima Recopilación.* Nor do we find any basis for a strict interpretation of that language, in the purposes of the presumption, to wit, "to exalt the joint character of the acquisitions made by the spouses"[5] and to protect creditors against fraud.[6]

The lower court, therefore, did not err in holding that it was not necessary for the purpose of establishing the presumption as to the community character of the property, to

[5] 22 Scaevola, Civil Code, 234.

[6] 9 Manresa, *Comentarios al Código Civil Español,* 608.

introduce any evidence regarding the date of its acquisition. Nevertheless, the appellant argues that the presumption does not apply in the absence of proof that the marriage contracted by the defendant and his wife is subject to the regime of the conjugal partnership. No such proof is necessary, since § 1267 of the Civil Code (1930 ed.) provides, in effect, that every marriage shall be deemed contracted under the regime of the legal conjugal partnership, in default of an agreement to the contrary between the spouses before entering into the marriage, and hence it is presumed that the defendant and his wife have constituted a conjugal partnership. *Wilson & Gandy, Inc.* v. *Cummings,* 150 So. 436 (La.), *Beigel* v. *Lange,* 19 La. Ann. 112.

■ As the property affected by this action is presumed to be community property, and is real property for the alienation of which the consent of the wife is required, the lower court acted correctly in denying specific performance of the contract made by the husband without the consent of the wife. The judgment appealed from should be affirmed.